**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MARGARET ALBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | 1:19-CV-05521-WMR-AJB |
| THE BOARD OF REGENTS OF | ) | |
| THE UNIVERSITY SYSTEM OF | ) | JURY TRIAL DEMANDED |
| GEORGIA/GEORGIA STATE | ) | |
| UNIVERSITY; RISA PALM; and | ) | |
| WENDY HENSEL, individually, and in | ) | |
| their official capacities as Provost, | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

COMES NOW Margaret "Peggy" Albers ("Plaintiff" or "Dr. Albers") and

files this amended complaint for injunctive relief and damages, showing the court the

following:

INTRODUCTION

1.

This is an action for race discrimination and retaliation under the Civil

Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq*. ("Title VII"), 42 U.S.C. §

1981, and  42 U.S.C. § 1983.

2.

Dr. Albers, a professor at GSU, has for years been denied equitable treatment in her compensation.  When she complained about disparities in pay, GSU engaged in unlawful retaliation against her.

PARTIES

3.

Plaintiff Margaret "Peggy" Albers is and was at all times herein a citizen and resident of the state of Georgia.  She is a white female.

4.

Defendant Board of Regents of the University System of Georgia is vested with the government, control, and management of the University System of Georgia and all of its institutions pursuant to O.C.G.A. § 20-3-51.

5.

Defendant Board of Regents of the University System of Georgia may be served by delivering a copy of the summons and complaint to Steve Wrigley, Chancellor of the University System of the State of Georgia, 270 Washington Street, S.W., Atlanta, Georgia 30334; and by delivering a copy of same to Samuel C. Burch, Vice Chancellor for Legal Affairs, at the same address; and by delivering a copy of same to the Office of the State Attorney General.

6.

Georgia State University (GSU) is a part of the University System of Georgia and, hence, is governed by the Board of Regents.

7.

Defendant Risa Palm is a citizen of the state of Georgia and was Provost at Georgia State University from 2009 through 2019. Defendant Palm can be served with summons and complaint at 1 Park Place South, Suite 340, Atlanta, Georgia 30303-3083.

8.

Defendant Wendy Hensel is a citizen of the state of Georgia and became the Provost at Georgia State University in 2019. Defendant Hensel can be served with summons and complaint at 1 Park Place South, Suite 340, Atlanta, Georgia 30303-3083.

JURISDICTION

9.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

10.

The violations of Plaintiff's rights occurred in the Northern District of Georgia.  Venue for this action in the Northern District of Georgia under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions, and the unlawful actions and practices which give rise to Plaintiff's claims occurred in the District.

ADMINISTRATIVE PROCEEDINGS

11.

Dr. Albers filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 11, 2018.  In subsequent filings, she extensively described race discrimination and retaliation for having engaged in protected speech.

12.

Dr. Albers received a notice of a right to sue from the EEOC within the last 90 days and has complied with all other conditions precedent to the institution of this lawsuit.

FACTS

13.

Dr. Albers is a full professor in the department of Middle and Secondary

Education at GSU's College of Education and Human Development.  She has been

teaching at GSU for over two decades.

14.

In her years at GSU, Dr. Albers has shown herself to be both an excellent

teacher and an exceptional researcher.

15.

Despite her consistently excellent performance, Defendants have for years

denied Dr. Albers pay equal to that of her African-American colleague, Dr.

Christine Thomas.

16.

Dr. Thomas is also a professor in the department of Middle and Secondary

Education at GSU's College of Education and Human Development.

17.

Before the 2009-2010 school year, both Dr. Albers and Dr. Thomas were

associate professors. Despite their shared title, Dr. Thomas was paid approximately

$6,700 higher than Dr. Albers.

18.

In 2009, Dr. Albers became a "full professor."  At this time, Dr. Albers

began earning the same amount as Dr. Thomas, even though Dr. Thomas was only

an "associate professor" at the time.

19.

In 2014, Dr. Thomas became a "full professor."  At this time, Dr. Thomas'

salary increased to surpass Dr. Albers' salary, even though Dr. Albers had been a

full professor for a longer period of time.

20.

Since 2014, Dr. Albers has consistently received lesser pay that Dr. Thomas,

even though they are both "full professors" and even though Dr. Albers is

objectively a far more productive and accomplished professor.

21.

In the 2014-2015 school year, Dr. Albers was paid approximately $82,000.

The same school year, Dr. Thomas was paid approximately $85,371.

22.

In the 2015-2016 school year, Dr. Albers was paid approximately $85,563.

The same school year, Dr. Thomas was paid approximately $101,561.

23.

In the 2016-2017 school year, Dr. Albers was paid approximately $90,596.

The same school year, Dr. Thomas was paid approximately $104,100.

24.

In the 2017-2018 school year, Dr. Albers was paid approximately $100,000.

The same school year, Dr. Thomas was paid approximately $117,631.

25.

In the 2018-2019 school year, Dr. Albers was paid approximately $106,110.

The same school year, Dr. Thomas was paid approximately $122,384.

26.

GSU can provide no justification for the discrepancy in Dr. Albers' and Dr.

Thomas' pay.

27.

In comparing the performance of Dr. Albers and Dr. Thomas, it is clear that

Dr. Albers produces substantially more research than Dr. Thomas.

28.

For example, in 24 years at GSU, Dr. Thomas has published approximately

16 pieces of peer-reviewed scholarship.  By comparison, in 21 years at GSU, Dr.

Albers has published approximately 129 pieces of peer-reviewed scholarship.

29.

Similarly, Dr. Thomas has delivered approximately 44 papers/ presentations;

Dr. Albers has delivered approximately 200 papers/ presentations.

30.

Dr. Albers has also received glowing reviews from the Dean of GSU's College of Education and Human Development and the Chair of the Department of Middle and Secondary Education.  Specifically, Dr. Albers has been lauded as a "leader in the field of literacy" and for her "teaching excellence."

31.

Despite these glowing reviews, Dr. Albers' pay has not been increased to reflect her contribution to GSU's scholarly reputation relative to Dr. Thomas'.

32.

GSU's discriminatory practices were further compounded when it retaliated against Dr. Albers for complaining about the disparate pay.

33.

Dr. Albers first complained of her unequal pay with respect to Dr. Thomas in May 2013 when she discussed it with then-Dean of the College of Education and Development, Dean Kamphaus.

34.

Dean Kamphaus told Dr. Albers that he would speak to Provost Palm about adjusting her pay.  Soon after, Dean Kamphaus told Dr. Albers that Provost Palm had denied the adjustment.

35.

Dr. Albers again complained in March 2014 when she emailed then-Department Chair Dana Fox.

36.

Later in 2014, Dr. Albers received an offer for a position at a different school. The Dean of the College of Education and Human Development, Dean Alberto, recommended to Provost Palm that GSU make Dr. Albers a strong counter-offer to keep her at GSU.

37.

Even though GSU offered counter-offers to other professors in similar situations of increased pay by as much as $10,000 and $15,000 respectively, Provost Palm only authorized a counter-offer for Dr. Albers of $2,400 additional salary.

38.

Upon information and belief this lowball counter-offer was in retaliation for Dr. Albers' complaints about disparate pay.

39.

Provost Palm has also retaliated against Dr. Albers by disparaging her to other faculty, including Dean Sachs.

40.

Dr. Albers has been discriminated against and retaliated against with respect

to GSU's awarding of the Distinguished Faculty Award.  Dr. Albers has been

nominated for this award three times in recent years:  in 2017, in 2018, and in

2019.  The first two years, the award was given to other professors.  In 2019, the

day after the deadline for nominations passed, it was announced that the award

would not be given out at all.

41.

Provost Palm has discriminated against Dr. Albers and retaliated against her

by consistently refusing to raise her salary to be on par with her comparator, Dr.

Thomas.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

42.

The preceding paragraphs are incorporated by reference into this Count, as if

fully restated and realleged herein.

43.

In consistently paying Dr. Albers less than her similarly situated comparator,

Dr. Thomas, despite being aware of this pay discrepancy for many years, Defendants

have unlawfully discriminated against Dr. Albers on the basis of race in violation of

Title VII.

44.

As a direct and proximate result of Defendant GSU's violation of Title VII,
Plaintiff has been damaged and is entitled to back pay, compensatory damages and
attorneys' fees.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF SECTION 1981
### (Asserted via 42 U.S.C. § 1983 against individual Defendants)

45.

The preceding paragraphs are incorporated by reference into this Count, as if
fully restated and realleged herein.

46.

At all times material to this complaint, Plaintiff was party to an employment
agreement under which Plaintiff worked for Defendants and Defendants
compensated her for work. Plaintiff performed her obligations under the employment
agreement. In consistently paying Dr. Albers less than her similarly situated
comparator, Dr. Thomas, despite being aware of this pay discrepancy for many years,
Defendants have unlawfully discriminated against Dr. Albers on the basis of race in
violation of Section 1981.

47.

Defendants' conduct constitutes unlawful discrimination on the basis of race and in violation of 42 U.S.C. §1981.  Pursuant to 42 U.S.C. §1983 Plaintiff is entitled to declaratory and injunctive relief against all Defendants and compensatory and punitive damages against Defendant Palm.

48.

As a direct and proximate result of Defendants' violation of 42 U.S.C. §1981 and §1983, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

49.

The preceding paragraphs are incorporated by reference into this Count, as if fully restated and realleged herein.

50.

 Plaintiff complained to the Dean and to Defendant Palm regarding her disparately low pay on multiple occasions in: from 2013 through 2019.

51.

Instead of remedying the pay discrepancy between Dr. Albers and Dr. Thomas, Defendants continued to offer Dr. Albers consistently low pay.  In addition,

12

Defendants blocked Dr. Albers from getting awards and attempted to injure her reputation among the faculty.

### 52.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been damaged and is entitled to back pay, compensatory damages, attorneys' fees and costs.

**COUNT IV**
**RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**
**(Asserted via 42 U.S.C. § 1983 against individual Defendants)**

### 53.

The preceding paragraphs are incorporated by reference into this Count, as if fully restated and realleged herein.

### 54.

Plaintiff complained to the Dean and to Defendant Palm regarding her disparately low pay on multiple occasions in: 2013 through 2019.

### 55.

Instead of remedying the pay discrepancy between Dr. Albers and Dr. Thomas, Defendants continued to offer Dr. Albers consistently low pay.  In addition, Defendants blocked Dr. Albers from getting awards and attempted to injure her reputation among the faculty.

56.

Defendants' conduct constitutes unlawful discrimination on the basis of race and retaliation in violation of 42 U.S.C. §1981.  Pursuant to 42 U.S.C. §1983 Plaintiff is entitled to back pay, compensatory damages, declaratory and injunctive relief against all Defendants and compensatory and punitive damages against Defendant Palm individually.

57.

As a direct and proximate result of Defendants' violation of 42 U.S.C. §1981 and §1983, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**COUNT V**
**RACE DISCRIMINATION AND RETALIATION IN VIOLATION THE**
**EQUAL PROTECTION CLAUSE OF THE UNITED STATES**
**CONSTITUTION**
**(Asserted against individual Defendants via 42 U.S.C. § 1983)**

58.

The preceding paragraphs are incorporated by reference into this Count, as if fully restated and realleged herein.

59.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Plaintiff to equal protection under the laws, including

equal protection with respect to race.

60.

Defendants consistently subject Dr. Albers to unequal pay because of her race in violation of the Equal Protection Clause of the Constitution.

61.

No compelling or other governmental interest supports the Defendants' use of race as a basis for the pay differential between Dr. Albers and Dr. Thomas.

62.

Defendant Palm, individually and in her official capacity, violated clearly established law prohibiting paying employees differently based on race.

63.

Defendant Palm undertook her unlawful conduct intentionally, recklessly and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover compensatory and punitive damages against her, individually.

64.

Defendants' conduct constitutes unlawful discrimination on the basis of race and retaliation under color of state law in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

65.

Pursuant to 42 U.S.C. §1983 Plaintiff is entitled to declaratory and injunctive relief against all Defendants and compensatory and punitive damages against Defendant Palm in her individual capacity.

66.

As a direct and proximate result of Defendants' violation of the Equal Protection Clause and 42 U.S.C. §1983, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.    That a jury trial be had on all issues so triable;

B.    Back pay and benefits;

C.    Front pay and benefits;

D.    Compensatory damages;

E.    Back Pay, Compensatory and Punitive damages against Defendant Palm individually;

F.    Declaratory relief;

G.    Injunctive relief to prevent Defendants from engaging in such discriminatory and retaliatory conduct in the future and to properly

16

adjust Plaintiff's compensation;

H.     Costs incurred in bringing this action, including Plaintiff's attorneys'

fees;

I.     Interest on all monetary awards; and

J.     Such other and further relief as the court deems appropriate under the

circumstances of this case.

Respectfully submitted this 6th day of October, 2020.

              **BUCKLEY BEAL, LLP**

       By: */s/ Emma C. Bellamy*
           Emma C. Bellamy
           Georgia Bar No. 288619
           ebellamy@buckleybeal.com
           Edward D. Buckley
           Georgia Bar No. 092750
           edbuckley@buckleybeal.com
           Rachel Berlin Benjamin
           Georgia Bar No. 707419
           rberlin@buckleybeal.com
           Andrew R. Tate
           Georgia Bar No. 518068
           atate@buckleybeal.com

600 Peachtree Street NE
Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MARGARET ALBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | 1:19-CV-05521-WMR-AJB |
| THE BOARD OF REGENTS OF | ) | |
| THE UNIVERSITY SYSTEM OF | ) | JURY TRIAL DEMANDED |
| GEORGIA/GEORGIA STATE | ) | |
| UNIVERSITY; RISA PALM; and | ) | |
| WENDY HENSEL, individually, and in | ) | |
| their official capacities as Provost, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October, 2020, the foregoing

**AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

was filed electronically through the CM/ECF system, is available for viewing and

downloading from the CM/ECF system and will be sent electronically to the

following registered participants:

Katherine Powers Stoff (kstoff@law.ga.gov)

**BUCKLEY BEAL, LLP**

By:      s/ *Emma C. Bellamy*
Emma C. Bellamy
Georgia Bar No. 288619

18